IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CR-238-3F

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| JOHN TAYLOR TYER, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a North Carolina SBI agent on DEA task force, and defendant the testimony of the proposed third-party custodian, defendant's mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial. The government's motion is therefore GRANTED.

**Background**

Defendant was indicted on 16 July 2010 for a drug conspiracy and four other drug felonies related to the manufacture and distribution of methamphetamine (cts. 1, 5, 6, 7), possession of firearms in furtherance a drug trafficking crime (ct. 8), and possession of a firearm by a convicted felon (ct. 9). The conspiracy allegedly took place from January 2007 until the date of indictment. The other offenses allegedly occurred on 22 January 2007.

At the hearing, the government's witness testified about statements from five informants who had proven reliable in the past implicating defendant in methamphetamine trafficking for at least two years, starting as early as 2006. According to the statements, defendant's activities included the production and sale of methamphetamine, the theft and sale of chemicals used in the manufacture of methamphetamine, and the production of false identification documents to enable him and his co-conspirators to circumvent the limit on the amount of pseudoephedrine (a chemical used to manufacture methamphetamine found in certain nonprescription decongestants) that one can purchase at drug stores. All told, the quantity of methamphetamine that defendant purportedly manufactured or distributed exceeds five kilograms.

The government witness also testified about a raid on defendant's residence on 22 January 2007. Police located there paraphernalia consistent with operation of a methamphetamine laboratory, and a shotgun and a rifle. A check of purchases by defendant and his girlfriend of pseudoephedrine at two chain drug stores over a recent 24-month period revealed numerous purchases by them both, some as recent as June and July 2010.

**Discussion**

Given the nature of several of the charges against defendant, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug- and firearm-related nature of the offenses charged; the circumstances of the offenses charged, including the occurrence of the offense conduct over an extended period of time, the large quantity of drugs involved, the apparent use of firearms in

2

connection with the drug offenses, defendant's commission of all but several months of the conspiracy while on state probation, and the substantial prison term defendant faces if convicted; defendant's criminal record, including two felony convictions, ten misdemeanor convictions, commission of eight offenses while on probation, and defendant's not having served a single day in jail for any of the offenses of which he has been convicted; the unsuitability of the proposed third-party custodial arrangement due to the high risk of flight and danger presented by defendant, and the manifest inability of the proposed custodian to effectively carry out the duties of custodian (notwithstanding her conscientiousness); and, as indicated, the other findings and reasons stated in open court.

The court considered evidence and argument offered as mitigating, but finds that the evidence favoring detention outweighs such considerations. For example, the fact that defendant did not flee even though he knew he had been indicted is not a reliable indicator of the flight risk because he now knows or should know that his experience on the instant charges is likely to be vastly different in terms of sentencing than his experience with his state convictions, which did not result in the service of any jail time.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

3

This, the 13th day of August 2010.

_____
James E. Gates
United States Magistrate Judge