IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-00238-F-3
No. 5:13-CV-00449-F

| | | |
|---|---|---|
| JOHN TAYLOR TYER, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-265] John Taylor Tyer's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-258]. The issues have been fully briefed and are now ripe for ruling. For the reasons more fully stated below, the Government's Motion to Dismiss is ALLOWED.

**Factual and Procedural Background**

On July 16, 2010, Tyer was charged in six counts of a fourteen-count indictment. *See* Indictment [DE-1]. In Count One, Tyer was charged with conspiracy to manufacture, distribute, dispense, and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. Count Five charged Tyer with manufacturing, distributing, and dispensing a quantity of a mixture or substance containing a detectable amount of methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. In Count Six, Tyer was charged with possession of pseudoephedrine with intent to manufacture methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 841(c)(1) and 18 U.S.C. § 2. Count Seven charged Tyer with possession of equipment, chemicals, products, or material used to manufacture

methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 843(a)(6) and 18 U.S.C. § 2. In Count Eight, Tyer was charged with possession of firearms in furtherance of a drug-trafficking offense and aiding and abetting, in violation of 18 U.S.C. §§ 924(c) and 2. Count Nine charged Tyer with possession of firearms by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924.

Tyer's arraignment was held on December 7, 2010. At his arraignment, pursuant to a written plea agreement [DE-127], Tyer pled guilty to Counts One and Eight. It was agreed that Counts Five, Six, Seven, and Nine would be dismissed at sentencing. [DE-127] at 6.

On July 8, 2011, the court held Tyer's sentencing hearing. Tyer was sentenced to 166 months' imprisonment on Count One and 60 months' imprisonment on Count Eight. *See* Judgment [DE-179]. It was ordered that the term imposed in Count Eight was to be served consecutive to that imposed in Count One.

Tyer filed a Notice of Appeal [DE-192] on August 2, 2011. In an order [DE-217] entered on June 28, 2012, the Fourth Circuit Court of Appeals dismissed Tyer's appeal on the basis that his sentencing challenge was insulated from review by the terms of the appellate waiver contained in his plea agreement.[1] Tyer did not file a petition for certiorari with the United States

---

[1] Tyer's plea agreement contains the following waiver:

To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

2

Supreme Court.

On June 21, 2013, Tyer filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-258]. In his section 2255 motion, Tyer argues that he is entitled to relief because he received ineffective assistance of counsel at the trial level and on appeal because he was actually innocent of Count Eight. The Government has filed a Motion to Dismiss [DE-265] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Tyer has failed to state a claim upon which relief can be granted.

**Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level'" and the plaintiff must allege "'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted);

---

[DE-127] at 1.

*accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

### Discussion

**Tyer Has Failed to State a Claim of Ineffective Assistance of Counsel.**

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As for the second prong, the petitioner must demonstrate that counsel's inadequate performance was prejudicial to him. *Id.* at 687. Specifically, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Id.* With the *Strickland* standard in mind, the court will address both of Tyer's ineffective assistance of counsel claims.

In his first claim, Tyer alleges that his attorney provided ineffective assistance of counsel by advising him to plead guilty to Count Eight. [DE-258-1] at 3. Specifically, Tyer contends that he was not in possession of the firearm at issue in Count Eight because the firearm was in

4

the possession of the State of North Carolina. *Id.* at 2-4. In Tyer's second and final claim he alleges that his attorney provided ineffective assistance of counsel on appeal because he was not guilty of Count Eight and based on the fact that his attorney represented him both at trial and on appeal, the issue was not raised before the Fourth Circuit. [DE-268] at 4.

As the colloquy that took place at Tyer's Rule 11 hearing reflects, Tyer's claims are belied by his sworn statements:

> The Court: Did you as charged in Count One beginning in or about January of 2007, and continuing thereafter up to and including the date of the indictment, did you conspire together with another person to unlawfully and intentionally distribute and possess with intent to distribute more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine and did you intentionally become a member of that conspiracy?
>
> Defendant: Yes, sir.
>
> The Court: And did you, as charged in Count Eight, possess a firearm in the furtherance of that drug trafficking crime?
>
> Defendant: Yes.
>
> The Court: Then you are, in fact, guilty of each of Counts One and Eight, aren't you?
>
> Defendant: I'm sorry, I didn't catch that.
>
> The Court: You are guilty of each of Counts One and Eight?
>
> Defendant: Yes.
>
> The Court: Since you acknowledge that you are, in fact, guilty as charged in each of Counts One and Eight, and since you know your right to a trial and what the maximum possible punishment and any mandatory minimum punishment is, and since you are voluntarily pleading guilty, the court will accept your guilty plea and enter a judgement of guilty thereon.

*See* December 7, 2010 Transcript [DE-209] at 29-30.

5

Tyer is bound by his declarations of guilt as to Count Eight during his Rule 11 hearing, and his current allegations to the contrary must be rejected. *See Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy."); *see also United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances, . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" (citations omitted)). Accordingly, Tyer's claims must fail because they are belied by his sworn statements made during his Rule 11 hearing.

## Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-265] is ALLOWED, and Tyer's section 2255 motion [DE-258] is DISMISSED. The court concludes that Tyer has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 27th day of February, 2015.

James C. Fox
Senior United States District Judge